**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1820
_____

SERGEY VLADIMIROVICH LUKVANCHIKOV,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A071-228-773)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010
Before: MCKEE, Chief Judge, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 27, 2010)
_____

OPINION
_____

PER CURIAM

Sergey Vladimirovich Lukvanchikov petitions for review from a decision of the

Board of Immigration Appeals (BIA).  For the reasons below, we will deny the petition

for review.

Lukvanchikov entered the United States in 1993 as a refugee from the former Union of Soviet Socialist Republics. In 1996, he became a permanent resident. After being convicted of several crimes, Lukvanchikov was charged as removable in 2006 as an aggravated felon, for his conviction of two crimes involving moral turpitude, and for his conviction for violating a law relating to a controlled substance. Lukvanchikov applied for withholding of removal and relief under the Convention Against Torture (CAT). He argued that he would be denied a residence permit and dialysis in the Ukraine based on his membership in the social group of those who had left the Ukraine and given up their residence and citizenship rights. He asserted that he requires dialysis three times a week and that without dialysis he will die. The IJ found Lukvanchikov removable as an aggravated felon and for the controlled substance violation. The IJ concluded that Lukvanchikov had not shown that he would be denied medical treatment based on his membership in the social group of refugees who surrendered their rights to live in the Ukraine. The IJ also determined that Lukvanchikov had not shown it was more likely than not that he would be tortured if removed to the Ukraine. The IJ denied relief and ordered Lukvanchikov removed to the Ukraine.

The BIA agreed with the IJ that the evidence indicated that returning refugees are not treated adversely in the Ukraine based on their refugee status. It concluded that there was no nexus between Lukvanchikov's potential inability to obtain dialysis and a statutorily-protected ground. The BIA also determined that any problems due to a lack of medical care would not be based on any intent to torture Lukvanchikov. Thus, the BIA

2

affirmed the denial of withholding and CAT relief.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Because Lukvanchikov is an aggravated felon, our review of the BIA's denial of relief is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C). This includes "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Attorney General, 420 F.3d 202, 211 (3d Cir. 2005).

To establish eligibility for withholding of removal, Lukvanchikov needed to demonstrate that it was more likely than not that his life would be threatened in the Ukraine on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Lukvanchikov needed to demonstrate that it is more likely than not that he would be tortured if removed to the Ukraine. 8 C.F.R. § 208.16(c)(2). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir. 2006).

Lukvanchikov argues that he will be denied access to dialysis in the Ukraine because he forfeited his residence rights, which are required for medical treatment, when he left. To support his argument, he points to the testimony of his witness, Yury Shvets,

3

who investigated the availability of dialysis in the Ukraine. Shvets stated that eighty percent of those in the Ukraine who do have a residence permit and need dialysis do not receive it due to limited resources. He opined that Lukvanchikov's leaving the Ukraine would be a negative factor with respect to whether he received treatment because it would be seen as a betrayal of the country. He suggested that one would need a job and a registered living space in order to get a residence permit and that obtaining both would take time. The BIA agreed with the IJ that the evidence in the record did not indicate that refugees returning to the Ukraine are treated adversely based on their former refugee status. While we are sympathetic to Lukvanchikov's medical condition, he has not demonstrated that the record compels a finding that it is more likely than not that he will be denied medical treatment based on a statutory ground.

Lukvanchikov also argues that he is entitled CAT relief. Citing Pierre v. Attorney General, 528 F.3d 180 (3d Cir. 2008) (en banc), the BIA concluded that the officials in Ukraine did not have the specific intent to torture Lukvanchikov. In Pierre, we determined that an alien was not entitled to CAT relief because he had not shown that the Haitian authorities had the specific intent to torture him by imprisoning him. Pierre required a feeding tube and argued that he required daily medical care. We concluded that the pain Pierre would experience from the poor conditions and lack of medical care in detention was the unintended result of Haiti's extreme poverty. Id. at 189. We noted that in order to obtain relief under the CAT, an alien must show that the torturer has the goal or purpose of inflicting severe pain or suffering. Id. at 190. Under Pierre,

Lukvanchikov fails to qualify for relief under the CAT. The record does not compel a finding that officials in the Ukraine will deny him medical care with the specific intent to inflict severe pain and suffering.

For the above reasons, we will deny the petition for review.